

FILED IN DISTRICT COURT
OKLAHOMA COUNTY Andrews

MAR 2 8 2022

RICK WARREN
COURT CLERK

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| JULIA VANBRUNT, | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ONCUE MARKETING, LLC, | ) ) |
| Defendant. | ) ) |

Case No. CJ-2022-_____

125
CJ-2022-1389

**Attorney's Lien Claimed**
**Jury Trial Demanded**

## PETITION

**COMES NOW** Plaintiff Julia VanBrunt and, for her causes of action against Defendant OnCue Marketing, LLC, alleges and states as follows:

### The Parties

1. Plaintiff is and at all relevant times has been a resident of Payne County, State of Oklahoma.

2. Defendant OnCue Marketing, LLC is and at all relevant times has been a domestic for-profit limited liability company that may be served with process in Oklahoma County, State of Oklahoma.

### Jurisdiction and Venue

3. This Court has personal jurisdiction over the Defendant.

4. Venue is proper in this Court because Defendant may be served with process in this County.

### Factual Allegations

5. Plaintiff was employed at OnCue # 6 in Stillwater, Oklahoma for over 12 years.

6. Plaintiff served as Store Manager for a number of years. In 2020, Plaintiff learned that she was pregnant, and she disclosed this to her supervisor, Crystal Pour.

1

**EXHIBIT 1**

7.     Before Plaintiff's pregnancy, she received excellent evaluations and was consistently ranked as above average or exceptional.

8.     Over the course of her time working under Pour, Plaintiff heard Pour make a number of comments such as, "I hate kids," or "dogs are all I need." It was always clear to Plaintiff that Pour did not like children based on her repeating these comments over time.

9.     Plaintiff also observed that it irritated Pour to make accommodations for employees with young children.

10.    Pour also made hateful remarks to Plaintiff shortly after Plaintiff returned from giving birth (December 2020 or January 2021). Pour told Plaintiff that another store manager would have stood closer to Plaintiff in a group photo if Plaintiff "took more showers." Plaintiff believed that Pour was intentionally making reference to body odor caused by lactation.

11.    In the summer of 2020, Plaintiff was passed over for a promotion that she should have received under OnCue's policies, practices, and/or procedures.

12.    Plaintiff was the most qualified for the position.

13.    Plaintiff was not selected for the position, which was filled effective June 16, 2020.

14.    Pour made the decision on who to promote.

15.    When Plaintiff spoke to Pour about the position, Pour stated that Plaintiff just had a lot on her plate because of her pregnancy.

16.    Plaintiff worked until October 22, 2021, and the very next day she gave birth. Plaintiff took maternity leave from October 23 through December 7, 2020.

17.    Before Plaintiff went on maternity leave, Pour asked her if she planned to return to work after maternity leave. Plaintiff told her that she did intend to return. Once Plaintiff's maternity leave ended, she did return to work.

18. When Plaintiff returned to work, she received an evaluation in January 2021. The evaluation was different from previous evaluations. It included criticisms of Plaintiff's work performance that were objectively false (such as stating that Plaintiff let employees wear 'short shorts' to work, even though she never did and Pour knew that this occurred only while Plaintiff was on maternity leave and not supervising the store).

19. There were other falsehoods in the evaluation as well. Based on Plaintiff's knowledge of Pour as a person and supervisor, and based upon Plaintiff's knowledge of OnCue termination practices, Plaintiff believed that this evaluation was the first step toward terminating her employment.

20. Later in January 2021, Plaintiff was in fact given an "Only/Final Warning" for issues surrounding an inventory, and it was clear to Plaintiff that Pour was fully prepared to terminate her as quickly as possible.

21. During the meeting when Plaintiff was given the "Only/Final Warning," Defendant OnCue's Loss Prevention Manager asked Plaintiff, "Who watches your kids?" This continued focus on her children/pregnancy indicated to Plaintiff that leadership was hostile to her based on her pregnancy.

22. Plaintiff immediately turned in her notice because the working conditions were intolerable as it was apparent to Plaintiff she would soon be terminated or further harassed, especially because Plaintiff knew that she was pregnant again.

23. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or around March 25, 2021. This suit is brought within ninety (90) days of Plaintiff's receipt of the Notice of Suit Rights.

3

## FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII
## INTENTIONAL PREGNANCY DISCRIMINATION

24. Plaintiff incorporates by reference the above and foregoing allegations as though set forth in full herein.

25. Plaintiff is and was at all relevant times in a protected class.

26. Plaintiff was at all times performing her job duties and responsibilities in a competent and satisfactory manner.

27. Plaintiff suffered adverse employment actions in that she was denied a promotion and constructively discharged from employment.

28. Defendant OnCue took these adverse actions against her because of or in significant part because of her pregnancy.

29. Any reason that Defendant OnCue asserts justifying these adverse actions is merely a pretext for unlawful race discrimination.

30. Defendant OnCue's actions were intentional and malicious and entitle Plaintiff to punitive damages.

31. As a direct and proximate result of Defendant OnCue's actions, Plaintiff has suffered economic and non-economic damages, including lost wages and benefits, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, damage to her professional reputation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, all to her detriment and damage in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

**WHEREFORE** Plaintiff prays for judgment against Defendant as follows:

(1) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00);

4

(2) For front pay in a sum determined by the Court after trial;

(3) For punitive and exemplary damages;

(4) For her court costs and a reasonable attorney's fee;

(5) For any other such and further relief as the Court or jury deems just and equitable that is allowed by law.

### SECOND CAUSE OF ACTION – VIOLATION OF TITLE VII HOSTILE WORK ENVIRONMENT

32. Plaintiff incorporates by reference the above and foregoing allegations as though set forth in full herein.

33. Plaintiff is and was at all relevant times in a protected class.

34. Plaintiff was subjected to unwelcome harassment.

35. The harassment was based on Plaintiff's protected class.

36. The harassment altered a term, condition or privilege of Plaintiff's employment and created an abusive working environment.

37. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

38. The harassment was subjectively and objectively hostile, abusive, and offensive.

39. The harassment was perpetuated by Plaintiff's supervisor.

40. As a direct and proximate result of Defendant OnCue's actions, Plaintiff has suffered economic and non-economic damages, including lost wages and benefits, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, damage to her professional reputation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, all to her detriment and damage in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00).

**WHEREFORE** Plaintiff prays for judgment against Defendant as follows:

(1) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00);

(2) For front pay in a sum determined by the Court after trial;

(3) For punitive and exemplary damages;

(4) For her court costs and a reasonable attorney's fee;

(5) For any other such and further relief as the Court or jury deems just and equitable that is allowed by law.

Dated this 28th day of March, 2022.

/s/ Barrett T. Bowers
Barrett T. Bowers, OBA# 30493
THE BOWERS LAW FIRM
1611 N. Broadway Ave.
Second Floor
Oklahoma City, Oklahoma 73103
(405) 768-2907 - Office
(405) 727-7188 – Cell
barrett@bowerslawok.com